IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARCELIANO CUELLAR QUINTERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-100 |
| ) | |
| CHARLES SAMUEL, JR., Director, ) | |
| Federal Bureau of Prisons; ) | |
| STACEY N. STONE, Warden, ) | |
| and STACEY GILES, Supervisor, Health ) | |
| Services, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, ostensibly filed this case under 42 U.S.C. § 1983, but § 1983 authorizes claims alleging the deprivation of constitutional rights by persons acting under color of state law. As discussed herein, the authority to maintain custody of federal prisoners is one created by federal law and reserved to the federal government. Accordingly, the Court construes Plaintiff's complaint broadly as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Because Plaintiff is proceeding *in forma pauperis*, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names the following Defendants: (1) Charles B. Samuel, Jr., Director of the Bureau of Prisons ("BOP"); (2) Stacey N. Stone, Warden at MCF; and, (3) Stacey Giles, Supervisor of Health Services at MCF. (See doc. no. 1, pp. 1-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

After his conviction and sentencing on federal drug charges, the BOP designated Plaintiff to serve his sentence at MCF, a private institution owned by Correctional Corporation of America and under contract with the BOP to house federal inmates. (Id. at 2-4.) While at MCF, Plaintiff "developed a treatable hearing problem" in one ear. (Id. at 4.) Despite Plaintiff's efforts "to have a specialist evaluate and treat his then deteriorating sense of hearing in one ear," he was only provided a hearing aid, which did not correct the continuing loss of hearing. (Id.)

Plaintiff then filed a grievance requesting that his hearing issue be further evaluated and treated, but Defendants Giles and Stone denied it. (Id. at 4-5.) Plaintiff appealed the denial to the BOP's Office of the General Counsel. (Id. at 5.) The response informed Plaintiff he could not appeal to the BOP and must use the grievance procedure at MCF. (Id.)

Plaintiff seeks monetary damages from Defendants Giles and Stone based on the allegations that they were deliberately indifferent to his serious medical need because they did not honor his request for evaluation and treatment by a specialist of his deteriorating hearing. (Id. at 6.) Plaintiff also seeks monetary damages from Defendant Samuel for violating his rights to equal protection under the law, "through adopted agency's policy," by prohibiting an appeal to the BOP about the alleged denial of medical care. (Id. at 6-7.)

Plaintiff maintains that his "foreign born" status caused him to be housed at MCF, a facility designated exclusively for aliens and non-citizens, rather than a BOP facility, and it is unfair that prisoners at BOP facilities can appeal through the BOP grievance procedure while prisoners at MCF cannot. (Id. at 7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it

"offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim against Defendant Samuel.

#### a. No Liability Based on *Respondeat Superior*

Plaintiff's complaint fails to state a claim against Defendant Samuel because Plaintiff is attempting to hold this Defendant liable merely because of his supervisory position as the head of the BOP. However, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."[1] Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504

---

[1] Section 1983 incorporates into analogous Bivens actions. Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011).

(4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges only that Defendant Samuel, "through adopted agency's policy," has discriminated against him based on his national origin by placing Plaintiff at MCF. (Doc. no. 1, p. 7.) However, Plaintiff does not describe what policy has resulted in this alleged discrimination, let alone Defendant Samuel's involvement in adopting this unidentified policy.

Likewise, Plaintiff has not alleged a causal connection between Defendant Samuel and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit,

5

"deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff has not alleged that Defendant Samuel was personally involved in Plaintiff's assignment to MCF or was made aware of any issues with Plaintiff's medical treatment at MCF and/or ability to grieve the same. Nor has Plaintiff alleged Defendant Samuel had any knowledge of a widespread problem with the grievance system or the medical care at MCF. In sum, Plaintiff has not shown Defendant Samuel actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Samuel.

### b. No Equal Protection Claim

Even if Plaintiff had sued the individual responsible for his placement at MCF, he fails to state a valid equal protection claim. Plaintiff starts his argument with the assertion that the BOP is statutorily required to provide medical care to federal prisoners. (Doc. no. 1, p. 3.) Indeed, federal statutes provide the BOP is responsible for designating the place of imprisonment to any correctional facility that meets minimum standards of health and habitability, and "shall provide for the safekeeping, care, and subsistence" of all federal prisoners. See 18 U.S.C. §§ 3621(b) & 4042(a)(3). He then extrapolates an argument from these general statutory provisions to contend that his placement at MCF and the resultant

6

requirement that he use the MCF grievance procedures rather than BOP grievance procedures to challenge his medical care somehow improperly segregates a "class" of prisoners separated by national origin at private facilities from prisoners at BOP-run facilities.

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001); see also Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

Here, Plaintiff does not meet these criteria. Plaintiff does not allege that he is similarly situated with other prisoners who received more favorable treatment. First, Plaintiff alleges that all prisoners at MCF are aliens or non-citizens, but he does not allege that all private facilities where federal prisoners are housed throughout the nation are reserved for aliens or non-citizens. In any event, no federal prisoner has a constitutionally protected interested in which prison they are placed. Meachum v. Fano, 427 U.S. 215, 225 (1976). Second, there is no constitutionally-protected liberty interest in accessing a prisoner grievance process, Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011), let alone accessing a particular type of grievance process.

As explained above, the BOP can designate a federal prisoner to any correctional facility that meets minimum standards of health and habitability. Indeed, the statutes say nothing of prohibiting the BOP from contractually assigning its responsibilities to private

7

facilities. To the contrary, courts have recognized the role that private contractors play in today's penal system and have endeavored to shape the contours of liability that apply to these private entities. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-73 (2001) (refusing to extend Bivens liability to private entities alleged to have engaged in constitutional deprivations while acting under color of federal law).

Plaintiff has not alleged that there is no medical care or grievance system available to him at MCF such that he has been placed in a facility that does not meet minimum standards of health and habitability as is required for all federal prisoners. To the contrary, he acknowledges there are medical services and a grievance system in place at MCF which he utilized. He simply does not like the results he achieved. Therefore, Plaintiff has failed to state a federal equal protection claim upon which relief may be granted.

### 3. Plaintiff Fails to State a Claim Against Defendants Stone and Giles.

#### a. Monetary Damages Not Available

With respect to these two Defendants who work at MCF, the threshold question arises as to whether liability under Bivens may extend to individual employees of privately operated prisons.[2] The applicable Eleventh Circuit and Supreme Court case law make clear that it may not. In Alba v. Montford, 517 F.3d 1249, 1254-56 (11th Cir. 2008) and Minneci v. Pollard, 132 S. Ct. 617, 626 (2012), the courts held that a federal prisoner like Plaintiff who seeks damages from private employees working at a privately operated prison may not proceed with a federal case for damages under Bivens. Because Plaintiff seeks only

---

[2] Because Plaintiff bases his claims against these two Defendants exclusively on federal question jurisdiction and does not attempt to raise any state law claims based on diversity jurisdiction, the Court likewise confines its analysis herein. See Phillips v. Smith, 429 F. App'x 905, 908 (11th Cir. 2011).

8

monetary damages against Defendants Giles and Stone for the constitutional violations alleged, he fails to state a valid federal claim against them.

### b. No Deliberate Indifference Claim

Even if Plaintiff were permitted to proceed under Bivens against these two Defendants, he fails to state a valid claim for deliberate indifference to a serious medical need. To state such a claim, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235,

1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-67 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Furthermore, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments.").

Here, Plaintiff has not alleged deliberate indifference to a serious medical need. Even if the Court were to assume that Plaintiff's loss of hearing in one ear is an objectively serious medical need, Gilmore v. Hodges, 738 F.3d 266, 275 (11th Cir. 2013), he has not shown that either of these two Defendants were deliberately indifferent to that need. Plaintiff acknowledges that he was given a hearing aid. He simply has a difference of opinion about the level of treatment necessary for his hearing loss.

Moreover, Plaintiff does not allege that either of these two supervisors were responsible for providing his treatment.[3] Rather, he attempts to impose liability simply

---

[3] As explained in detail above, there can be no liability based on a theory of supervisory liability. See Hartley, 193 F.3d at 1269.

10

because they denied his grievance about his medical care provided by others. But Plaintiff cannot establish liability merely because he filed a grievance or appeal upon which Defendants ruled. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed "to afford [plaintiff] relief during the grievance process," because record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with plaintiff's wishes concerning information in grievance and a letter) (Bowen, J.); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at facility within his jurisdiction based on receipt of letter describing allegedly improper prison conditions); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in grievances), *cert. denied*, 530 U.S. 1264 (2000).

For all of these reasons, Plaintiff fails to state a claim for relief against Defendants Stone and Giles.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of February, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA